UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC., ) | |
| ) | |
| Plaintiff, ) | Case No: 3:12-cv-00336-UAMH-JBT |
| ) | |
| v. ) | |
| ) | |
| JOHN DOES 1-18, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO ORDER (DOC. 25)**

**I.   INTRODUCTION**

On June 25, 2012, this Court ordered Plaintiff to file a response explaining why this action and Malibu Media v. John Does 1 – 18, 3:12-cv-336-J-99MMH-JBT were filed as separate cases. Specifically, the Court asked Plaintiff to address any distinctions between the two cases.

For itself and the Court, Plaintiff intentionally limited the number of Doe Defendants in this case to a manageable number – eighteen. To explain, there are many more infringers living in this District that were peers in the swarm of infringers that include the Doe Defendants. Nevertheless, Plaintiff and this Court have to manage this case and so Plaintiff intentionally kept the number of defendants relatively small to facilitate litigation and avoid procedural delay resulting from different ISP response times.

"It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit.... The Advisory Committee Notes to Rule 19(a) explicitly state that a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability." Laker Airways, Inc. v. British Airways, PLC, 182

F.3d 843, 847 (11th Cir. 1999). In these cases, because it was not necessary for Plaintiff to join all the Defendants in one action, Plaintiff split the Defendants and Internet Service Providers for management purposes.

II. **PLAINTIFF LIMITED THE NUMBER OF DEFENDANTS IN THE CASE TO FACILITATE LITIGATION**

Based on Plaintiff's experience, litigating an action with eighteen Defendants is a manageable number. From previous experience litigating similar cases, Plaintiff believes that it will be unlikely for the ISPs to correlate the 10-15% of the subpoenaed names because the ISPs will have deleted the correlating data prior to receiving the subpoena. Therefore, of the nineteen Doe Defendants, Plaintiff expects to receive approximately 15 names. From experience, Plaintiff believes that it is likely that Plaintiff will settle with about half of the Doe Defendants in advance of the discovery process. For a wide range of reasons, Plaintiff will also voluntarily dismiss several of the other Defendants prior to discovery.

Once the settlement and dismissal process is completed, only a few Doe Defendants will remain. Plaintiff estimates that out of the initial eighteen Defendants, Plaintiff will likely only truly litigate against two to six defendants in one case. There are frequently this many parties on a given side of a federal court case, and federal courts and attorneys practicing in the federal bar are familiar with managing such cases. Plaintiff's goal was for the case to be manageable for the parties and the Court.

III. **PLAINTIFF LIMITED THE NUMBER OF ISPS IN THE CASE TO PREVENT DELAY**

The distinction between these two cases is that the Doe Defendants have different ISPs. <u>See</u> Complaint Ex. A. and Case No. 12-cv-336 Complaint Ex. A. The ISPs often return the requested discovery containing the identities of the Doe Defendants at different times. The time frames can vary for different reasons, including the ISPs' schedule and the extent to which other

2

proceedings throughout the country have also issued subpoenas directing the ISPs to turn over information. Plaintiff limits the number of ISPs in a case in order to avoid unnecessarily extending the case should an ISP be unable to return the information. Limiting the amount of ISPs in a case results in the dissemination of identifying information of each Doe Defendant in roughly the same time frame, and allows the Defendants to try their case in a timely manner. Plaintiff hopes by splitting the ISPs in the case, the Defendants are more likely to be on the same schedule, and Plaintiff will not be responding to one Doe Defendant's Motion to Quash, while proceeding to discovery against another Doe Defendant.

### III.   CONCLUSION

Smaller cases are more manageable and separating the cases by ISPs results in a more efficient way for Plaintiff to pursue its case. For these reasons, Plaintiff has filed these two actions as separate cases. For the foregoing reasons, Plaintiff respectfully informs the Court as to the distinctions and reasons for filing two separate actions.

Dated: July 5, 2012

Respectfully submitted,

By: /s/ *M. Keith Lipscomb*
M. Keith Lipscomb (429554)
klipscomb@lebfirm.com
LIPSCOMB, EISENBERG & BAKER, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile:  (786) 431-2229
*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *M. Keith Lipscomb*