UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) Civil Case No. 3:12-cv-00336-UAMH-JBT |
| v. | ) |
| JOHN DOES 1-18, | ) |
| Defendants. | ) |

**PLAINTIFF'S NOTICE OF OBJECTION TO DOE 16'S NOTICE OF FILING MOTION TO TRANSFER WITH INCORPORATED MOTION TO TRANSFER AND MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT WITH INCORPORATED MEMORANDUM OF LAW**

Anonymous John Doe 16[1], identified only by IP Address, has filed this notice and motion in twenty two different cases, twenty one of which John Doe 16 is not a party, including this case at hand. John Doe 16 files this motion not because it is supported by law but instead with the intent to discredit Plaintiff through ad hominem attacks.

Plaintiff does not object to the cases being related to the Honorable John Steele in Malibu Media, LLC v. Does 1-13, 2:12-cv-00177-JES-SPC, but Plaintiff does not believe they are related under law. The cases which John Doe 16 seeks to have transferred involve eleven different movie files and are at various stages of the proceedings.[2] Plaintiff has filed a notice of related cases in each case requested by the Court, including the underlying case which John Doe

---

[1] To be clear, John Doe 16 is not a party to this case and the attorney which filed this motion represents a John Doe 16 in Malibu Media v. John Does 1-22, 3:12-cv-00575-MHM-TEM, not Defendant John Doe 16 in this case.

[2] Compare Malibu Media, LLC v. John Does 1-9, 8:12-cv-669-T-23AEP (M.D. Fla. July 6, 2012) (holding a hearing on several motions to quash and sever and crafting guidelines to proceed with litigation) with Malibu Media, LLC v. John Does 1-27, 8:12-cv-01764-VMC-TGW (M.D. Fla. Aug. 13, 2012) (John Doe 16 filed this notice and motion before Plaintiff requested leave to serve a subpoena on defendant's ISPs.)

16 seeks to have all the cases related to.[3]  At no point has this Court sought action to relate the cases to each other.

Further, Plaintiff is not a vexatious litigant and John Doe 16 has no basis to assert otherwise.  Florida Statute § 68.093 states that a vexatious litigant is a person who "in the immediately preceding 5-year period, has commenced, prosecuted, or maintained, **pro se**, five or more civil actions in any court in this state." Id. (emphasis added).  "Lawsuits filed by an attorney do not count in the vexatiousness equation; the Code of Professional Responsibility and statutes such as section 57.105, Florida Statutes (2005) adequately screen against frivolous lawsuits when an attorney is involved in the filing decision." Smith v. Fisher, 965 So. 2d 205, 209 (Fla. Dist. Ct. App. 2007).  Additionally, §68.093 by its own terms only applies in "civil action[s] governed by the Florida Rules of Civil Procedure and proceedings governed by the Florida Probate Rules" which is not the case in this federal suit governed by the Federal Rules of Civil Procedure.  Defendant's argument that Plaintiff should be declared a vexatious litigant is untenable.

Plaintiff has filed only legitimate claims of copyright infringement where its forensic investigator has identified each of the defendant's IP Addresses illegally downloading and distributing its copyrighted movie.  Many residents in this district infringe Plaintiff's works on a daily basis.  That Plaintiff seeks to protect its lawful and valid intellectual property rights does not make Plaintiff a vexatious litigant.  Plaintiff desires to litigate these cases and will proceed

---

[3] See Malibu Media v. John Does 1-13, 2:12-cv-00177-JES-SPC, (M.D. Fla. June 5, 2012); Malibu Media v. John Does 1-35, 2:12-cv-00178-UA-DNF (M.D. Fla. April 4, 2012); Malibu Media v. John Does 1-22, 8:12-cv-01074-SDM-AEP (M.D. Fla. June 1, 2012); Malibu Media v. John Does 1-25, 2:12-cv-002660-JES-DNF (M.D. Fla. June 8, 2012); Malibu Media v. John Does 1-45, 8:12-cv-01421-MSS-AEP (M.D. Fla. July 2, 2012); Malibu Media, LLC v. John Does 1-67, 2:12-cv-00267-UA-SPC (M.D. Fla. June 19, 2012); Malibu Media, LLC v. John Does 1- 24, 2:12-cv-00425-UA-DNF (M.D. Fla. August 9, 2012); Malibu Media v. John Does 1-48, 2:12-cv-00426-JES-DNF (M.D. Fla. August 23, 2012).

against Defendants that it believes have infringed its rights. That being said, Plaintiff has a duty under Rule 11 to investigate each defendant after obtaining its identity and determine whether they should be named and served. It is often not appropriate for Plaintiff to proceed against each Defendant. See Malibu Media v. John Does 1-18, 8:12-cv-01419-EAK-TGW (M.D. Fla. Aug. 20, 2012) (requiring Plaintiff notify the John Doe defendants of its Rule 11 requirement and providing an outlet for the John Doe defendants to identify the infringer or provide exculpatory evidence if he or she did not commit the infringement). Because Plaintiff has not advanced in litigation does not mean that it will not prevail on the merits in the event it chooses to do so.

Judge Howell, in an opinion the review of which she certified to the D.C. Circuit, held that it is proper to dismiss Defendants after Plaintiff learns their identities in a BitTorrent copyright infringement litigation:

> At this stage, the plaintiff is attempting to identify those infringing its copyright so that it may investigate the feasibility of proceeding in lawsuits against them. That the plaintiff chooses, after obtaining identifying information, to pursue settlement or to drop its claims altogether is of no consequence to the Court. The plaintiff has sufficiently pled allegations of copyright infringement and has a right to name or decline to assert claims against defendants whose identities and other relevant circumstances become known to the plaintiff. *See Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 91 (2005) ("In general, the plaintiff is the master of the complaint and has the option of naming only those parties the plaintiff chooses to sue, subject only to the rules of joinder [of] necessary parties.") (quoting 16 Moore's Federal Practice § 107.14 [2][c], p. 107–67 (3d ed.2005)).

AF Holdings LLC v. Does 1-1,058, CIV.A. 12-0048 BAH, 2012 WL 3204917, *14 (D.D.C. Aug. 6, 2012).

John Doe 16 attempts to persuade this Court that Plaintiff has an improper motive or "abusive litigation tactics" which simply do not exist. It is unfair and inappropriate for this Court to dismiss or alter Plaintiff's case on the basis that its New York counsel made a clerical mistake. Even more so, to suggest to the Court that Plaintiff's cases should be treated differently

because it dismissed defendants from a case in another district[4] (as is its right to do so), borders on absurd.

It is simply no secret that many courts have struggled with the equities in BitTorrent copyright infringement cases. This is particularly true where the copyright covers an adult work.[5] Where some judges have been critical, the better more reasoned approach has been identified in this District. Significantly, the judges in the Middle District of Florida have followed the law and simultaneously crafted very sophisticated processes to the equities. See Malibu Media, LLC v. John Does 1-9, 8:12-cv-669-T-23AEP (M.D. Fla. July 6, 2012) (setting forth requirements for Plaintiff to notify John Doe defendants of their rights, providing an outlet for John Doe defendants to request Plaintiff cease contact, and creating a notification process before any defendants are named and served); Malibu Media v. John Does 1-18, 8:12-cv-01419-EAK-TGW (M.D. Fla. August 20, 2012) (setting forth the same requirements as above and additionally requiring Plaintiff notify the John Doe defendants of its Rule 11 requirement and enabling the John Doe defendants to identify the infringer or provide exculpatory evidence if he or she did not commit the infringement). Plaintiff agreed and stipulated to these processes in an

---

[4] In Malibu Media v. John Does 1-7, 2:12-cv-14171-KMW (S.D. Fla. May 11, 2012) the Honorable Judge Moore issued a show cause order as to why the court should not sever the defendants. Plaintiff preemptively dismissed the defendants, aware that the Honorable Moore had severed cases in BitTorrent litigation before and was likely to do so again. Plaintiff believed it was proper and in the interest of judicial efficiency to take this action. That being said, Plaintiff also responded to the court's show cause order and addressed its reasons for filing the case as a joined suit, notably that other courts in the district had ruled joinder was proper. See AF Holdings, LLC v. Does 1-162, 11-23036-CIV, 2012 WL 488217, at *4 (S.D. Fla. Feb. 14, 2012).

[5] As the Honorable Porcelli noted, "[t]he Court doubts that the John Doe Defendants' concerns would be as heightened and given as much attention by other courts if the alleged protected material was copyright music rather than pornography." Malibu Media, LLC v. John Does 1-9, 8:12-cv-669-T-23AEP, *7 (M.D. Fla. July 6, 2012). "Essentially the John Doe Defendants are requesting the Court create a special exception under the Copyright Act for cases such as this in which the copyrighted material contains pornography. The Court is simply not inclined to take such an inappropriate action." Id.

effort to be fair to the defendants and assist the Court with the management of these cases.

At no point has Plaintiff demonstrated the behavior John Doe 16 suggests, nor any characteristics that would deem it a vexatious litigant. John Doe 16 further claims that Plaintiff is a vexatious litigant because it has joined defendants in its cases and in some cases the subscriber of an IP address may not be the infringer. This Court has thoroughly reviewed these issues and has not once ruled joinder is improper nor prevented Plaintiff from serving a Rule 45 subpoena. See K-Beech Inc., v. John Does 1-57, Case 2:11-cv-00358-CEH-SPC (M.D. Fla. 2011) (discussing the standard for joinder and holding joinder is proper); Nu Image, Inc. v. Does 1-3,932, 2:11-CV-545-FTM-29, 2012 WL 646070 (M.D. Fla. Feb. 28, 2012) (same); Malibu Media, LLC, v. John Does 1-13, 2:12-cv-177-JES-SPC (M.D. Fla. July 26, 2012) (setting forth the process for filing a motion to quash in the correct court); Malibu Media, LLC v. John Does 1-9, 8:12-cv-669-T-23AEP (M.D. Fla. July 6, 2012) (holding that Plaintiff's request for the identifying information is relevant and creating safeguards in the event the subpoenaed information identifies the incorrect party). John Doe 16 simply has no basis in law or fact to request this Court declare Plaintiff a vexatious litigant.

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the subject motion.

Dated: August 27, 2012

Respectfully submitted,

By: /s/ *M. Keith Lipscomb*
M. Keith Lipscomb (429554)
klipscomb@lebfirm.com
LIPSCOMB EISENBERG & BAKER, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile: (786) 431-2229
*Attorneys for Plaintiff*

5

## **CERTIFICATE OF SERVICE**

       I hereby certify that on August 27, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: <u>/s/ *M. Keith Lipscomb*</u>